# Mullin *v.* Palos Coal & Coke Co., *et al.*

### Creditors' Bill.

(Decided May 18, 1916.   72 South. 76.)

**Assignment; Benefit of Creditors; Constructive; Preference.**—Under the express provisions of § 4295, a debtor's general conveyance or assignment of all of his property in payment of a pre-existing debt by which a preference was given to one or more creditors, inures to the benefit of all the creditors equally, and is in effect a general assignment for the benefit of all creditors.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Creditors' bill by John B. Mullen against the Palos Coal & Coke Company and others. From the decree holding that the conveyance was an attempt to prefer one creditor, and was a general assignment under the statute, complainant appeals. Affirmed.

BURGIN, JENKINS & BROWN, for appellant.   GASTON & DRENNEN, for appellee.

MAYFIELD, J.—This is a creditor's bill, filed by appellant against appellees. The bill seeks to have the conveyance of certain coal lands set aside, on the ground that it was voluntary and void as against appellant, who was an existing creditor, or, if not voluntary, that it was made with intent to hinder, delay, and defraud the complainant. The bill also prayed for any other relief to which the complainant should appear to be entitled.

The answer denied that the conveyance was a voluntary one, or that it was infected with any fraud, actual or constructive, but alleged that the consideration paid was adequate, and was applied to the payment of an existing indebtedness which the grantor owed the Drennen Department Stores. The directors of the grantor corporation, the Palos Coal Coke Company, were practically the same as those of the Drennen Department Stores. It was also shown that the grantee, the Drennen Investment Company, was controlled by the stockholders of the other two corporations.

The chancellor granted relief under the general prayer; that is, he declared the conveyance to be, in legal effect, a general

[Boston Shoe Shop v. McBroom Shoe Shop.]

assignment of all the grantor's property, in payment of a pre-existing debt, and thus an attempted preference of a creditor, in the contemplation of the statute (Code, § 4295). From this decree the complainant appeals, insisting that the conveyance was absolutely void, because either a voluntary conveyance, or a conveyance made with the intent to hinder, delay, or defraud existing creditors.

A great deal of evidence was taken, and there were developed many circumstances tending to support appellant's contention that the stockholders and directors of the three corporations were practically the same persons, that the conveyance was not made direct to the creditor corporation, but to a third corporation, and that the check of the one was paid over to the other, and that the parties in interest in all, were practically the same, and that the recited consideration was concededly not the true consideration.

After a careful examination of the whole evidence, we have reached the same conclusion which the chancellor reached, that the conveyance was an attempt to prefer one creditor, through the conveyance of substantially all of the debtor's property, under the statute amounting, in effect, to a general assignment for the benefit of all the creditors.

The decree of the chancellor is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.